**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1956
_____

UNITED STATES OF AMERICA

v.

WILLIAM BUCCI,

Appellant
_____

On Appeal from the United States District Court for the
Eastern District of Pennsylvania
(D.C. No. 14-cr-00191-01)
District Judge:  Hon. Joel H. Slomsky

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 9, 2018

Before:  CHAGARES, VANASKIE, and FISHER, Circuit Judges.

(Filed April 16, 2018)

_____

OPINION*
_____

* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

CHAGARES, Circuit Judge.

Appellant William Bucci appeals from his sentence after pleading guilty to fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff, and 18 U.S.C. §§ 1014 and 1341, and nolo contendere to filing false tax returns, in violation of 26 U.S.C. § 7206(1). He was sentenced to a term of 78 months of imprisonment, followed by a five-year term of supervised release. He contends that the District Court erred in determining his sentence, specifically by (1) denying him a two-level reduction for acceptance of responsibility and (2) basing his sentence on comments by his friends and family in letters he submitted to the District Court. Because these arguments lack merit, we will affirm.

I.[1]

We write solely for the parties and therefore recite only the facts necessary to our disposition. From 2004 through 2011, Bucci induced various individuals, including relatives, friends, financial brokerage clients, and fellow alumni of the Admiral Farragut Academy to entrust him with money on the promise that in return he would pay them as much as 10 percent annual interest along with a return of the principal in a few years. Bucci told some of these individuals that their money would be invested in an olive oil and wine business that he was starting or be used to purchase real estate at the New Jersey shore. Bucci used very little, if any, of the money for these purposes, instead, he used it to pay interest and principal on his existing debts. In making these solicitations, Bucci did not disclose the amount of his indebtedness. When he was confronted by some of the

---

[1] The factual background is taken from Bucci's statement of admitted facts at his change of plea hearing. Appendix ("App.") 95-98.

2

individuals — the alumni of the Admiral Farragut Academy — he gave them a false financial statement that did not accurately list his debts. Bucci also submitted a false financial statement to Beneficial Bank in an effort to renegotiate or get forbearance on a mortgage. From 2007 to 2011, Bucci obtained over $3 million through these representations, and did not report any of this money on his tax returns.[2]

Bucci's presentence report calculated a total offense level of 26, which included a two-level reduction for acceptance of responsibility pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 3E1.1(a). The Government initially did not contest this calculation. Shortly before sentencing, Bucci filed a sentencing memorandum in which he denied defrauding some of the victims and instead claimed that the money he had received from those individuals represented personal loans. Thus, he took the position that the money from those individuals should not be calculated as part of his restitution. Bucci also submitted seventeen character letters from friends and family for the District Court's consideration.

In response, the Government took the position that Bucci did not warrant the two-level reduction for acceptance of responsibility. At the sentencing hearing, the Government presented the testimony of five witnesses to contest Bucci's position that some of the individuals were not victims of his fraud. Bucci also testified as a witness at that hearing. At the conclusion of testimony, Bucci's counsel argued that Bucci was entitled to the two-level reduction for acceptance of responsibility and that Bucci should not be ordered to repay restitution to six victims, totaling $1,932,000. The District Court

---

[2] The facts relating to the tax offenses are taken from the factual basis presented by the Government at the change of plea hearing to which Bucci pled nolo contendere.

found Bucci's testimony not credible and that the Government had met its burden of proving the fraud as to all of the victims. The court further found that Bucci was not entitled to the two-level reduction for acceptance of responsibility. After considering the submissions of the parties, including the testimony and the character letters submitted by Bucci, the District Court imposed a sentence of 78 months of imprisonment and ordered him to pay $3,253,206 in restitution. This timely appeal followed.

## II.

The District Court had jurisdiction under 18 U.S.C. § 3231 and we have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

"We review factual findings underlying the denial of a Sentencing Guidelines reduction for acceptance of responsibility for clear error, and reverse only if we are left with a definite and firm conviction that a mistake has been committed." United States v. Lessner, 498 F.3d 185, 199 (3d Cir. 2007).

## III.

Bucci raises two arguments on appeal. First, he contends that the District Court erred by denying him the two-level reduction for acceptance of responsibility based on his challenge to the status of some of the individuals who had given him money as victims of his fraud. He argues that the District Court did not consider the totality of the circumstances and instead only focused on his dispute over paying restitution to some of the victims. Bucci further argues that it failed to consider the fact that he pled guilty to the fraud charges and nolo contendere to the tax evasion charges, and did not dispute the restitution payments to the majority of the victims. Second, he contends that the District

4

Court erred by basing his sentence in part on the comments from his friends and family in the sentencing letters that he submitted. Each of these arguments will be addressed in turn.

A.

A defendant is entitled to a two-level reduction to his calculated offense level under the sentencing guidelines, if he "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). We have held that "[t]he defendant bears the burden of establishing by a preponderance of the evidence that he is entitled to the sentence reduction." United States v. Muhammad, 146 F.3d 161, 167 (3d Cir. 1998). The application note to the Sentencing Guidelines makes clear that a District Court should consider applying the § 3E1.1(a) reduction where a defendant "truthfully admit[s] the conduct comprising the offense(s) of conviction, and truthfully admit[s] or [does] not falsely deny[] any additional relevant conduct for which the defendant is accountable under § 1B1.3." U.S.S.G. § 3E1.1 cmt. n.1(A). We have held that "[e]ntry of a guilty plea will constitute 'significant evidence' of acceptance of responsibility, although it will not entitle the defendant to an adjustment 'as a matter of right.'" Lessner, 498 F.3d at 199 (quoting U.S.S.G. § 3E1.1 cmt. n.3). Instead, "[t]he trial judge has the obligation to assess the totality of the situation in determining whether the defendant accepted responsibility." United States v. McDowell, 888 F.2d 285, 292 n.2 (3d Cir. 1989). The District Court's findings on this issue are "entitled to great deference on review," due to its "unique position to evaluate a defendant's acceptance of responsibility." U.S.S.G. § 3E1.1 cmt. n.5.

After a review of the record before the District Court and its sentencing decision, we conclude that the District Court did not clearly err in denying Bucci the two-level

5

reduction for acceptance of responsibility. The record strongly supports the District Court's finding that Bucci did not accept responsibility, notwithstanding his guilty plea. Bucci expressly denied that he defrauded certain people, and sought to avoid paying restitution to these victims. It is particularly significant that the restitution amounts owed to these disputed victims totaled nearly $2 million and far exceeded the amount of restitution owed to the other victims that Bucci did not dispute. Because "a defendant who falsely denies . . . relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility," the District Court did not clearly err in denying Bucci the two-level reduction pursuant to § 3E1.1(a). U.S.S.G. § 3E1.1 cmt. n.1(A).

Here, the District Court weighed the evidence and properly concluded that Bucci did not truly accept responsibility for his crimes. This conclusion was supported by Bucci's own testimony at the sentencing hearing, as well as the testimony of four of the victims and the IRS case agent who had interviewed additional victims. The District Court made specific findings as to the credibility of these witnesses, and determined that Bucci was not credible and had "not truthfully admitted the conduct for which he is accountable in this case." App. 274. Because "the District Court was in the best position to ascertain the genuineness of [Bucci's] contrition," we will not disturb its finding. United States v. Bennett, 161 F.3d 171, 197-98 (3d Cir. 1998).

B.

Bucci's second contention that the District Court erred by basing his sentence in part on the letters from his friends and family is wholly without merit. Bucci submitted seventeen letters from friends and family for the District Court's consideration at

sentencing. The District Court commented on these letters, stating "I'm considering in formulating my sentence, the good and the bad that's in the letters." App. 318. Bucci contends that the District Court identified "troubling" comments in the letters that it believed contradicted the evidence and demeaned the victims, and then held this against Bucci, unfairly punishing him for the comments of others. App. 317-18. He argues that this violated basic principles of due process.

We disagree. Nothing in the record supports his contention that the District Court set Bucci's sentence as punishment for the comments made by others in the letters with which it disagreed. The District Court was free to consider the letters. In a section titled "use of information for sentencing," the United States Code expressly provides that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661. Bucci was the one to submit these letters, and cannot now complain that the District Court accepted his invitation to consider them.

IV.

For the foregoing reasons, we will affirm the judgment of the District Court.